## BORNN HAT CO. v. UNITED STATES.

## UNITED STATES v. CALHOUN.

(Circuit Court of Appeals, Second Circuit. May 14, 1914.)

### No. 2–3.

1. CUSTOMS DUTIES (§ 81*)—ADMINISTRATIVE ACT—CONSTRUCTION.

While a collector may reliquidate duties within one year, as limited by Act June 22, 1874, c. 391, § 21, 18 Stat. 190 (U. S. Comp. St. 1901, p. 1986), and may to that end examine the importer under the provisions of Tariff Act Aug. 5, 1909, c. 6, § 28, subsec. 15, 36 Stat. 100 (U. S. Comp. St. Supp. 1911, p. 919), under subsections 13–16 of the latter chapter, which make the appraisal in case of no appeal "final and conclusive," where merchandise has been appraised, the time for appeal has expired, the duties have been paid and the goods surrendered, the collector has no power, on an examination of the importer under said subsection 15, to examine into the question of valuation.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 197; Dec. Dig. § 81.*]

2. CUSTOMS DUTIES (§ 81*)—RELIQUIDATION OF DUTIES—CITATION OF IMPORTER FOR EXAMINATION.

A collector may, under his power to reliquidate duties, cite an importer to appear for examination as provided by Tariff Act Aug. 5, 1909, c. 6, § 28, subsec. 15, 36 Stat. 100 (U. S. Comp. St. Supp. 1911, p. 919), and for his failure to appear he is subject to the penalty imposed by subsection 16.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 197; Dec. Dig. § 81.*]

In Error to the District Court of the United States for the Southern District of New York.

On writs of error to review judgments entered upon verdicts directed by the court in favor of the United States and against the Bornn Hat Company in the first of the above-entitled actions, and in favor of David Calhoun the defendant in the second of the said actions. No question of fact is involved in either action, and in each both parties asked for the direction of a verdict. Each action was brought to recover the penalty of $100.00 imposed by the Customs Administrative Act as amended by subsection 16 of section 28 of the Tariff Act of August 5, 1909 (36 Stat. L. 100), for failure to testify pursuant to citations issued to the defendants below.

The opinion of the District Court is reported in 184 Fed. 499.

H. Snowden Marshall, U. S. Atty., and Addison S. Pratt, Asst. U. S. Atty., both of New York City.

John Gibbon Duffy, of New York City, for David Calhoun.

James, Schell & Elkus, of New York City, for the Bornn Hat Company.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The majority of the court is of the opinion that this controversy was correctly decided in the District Court. The in-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

terpretation of the statute by the District Judge seems to us to provide a fair, reasonable, and consistent method of procedure.

[1] At ports where appraisers are located it seems logical, and in the interests of an orderly administration of the law, that their action shall be final. This, in our opinion, is the clear meaning of the following language quoted from subsection 16:

"And if such person be the owner, importer, or consignee, the appraisement which the General Appraiser, or Board of General Appraisers or local appraiser or collector, where there is no appraiser, may make of the merchandise shall be final and conclusive."

[2] In the Calhoun Case the appraisement had been made, the time to appeal had expired, the duties had been paid, and the merchandise surrendered. Calhoun appeared and answered all questions as to classification, but refused to answer questions relating to dutiable value, upon the ground that the collector had no power to examine into that question, when the appraisal had been fully and legally made by the appraisers and the time in which to review their action had expired. In other words, that their action upon the question of value was "final and conclusive." We think the powers of the collector under section 21 of the act of 1874 relate to classification and reliquidation, and not to valuation, which latter subject is confided to the appraisers.

In the Bornn Hat Case no one answered the citation, and default was made. There were several subjects relating to reliquidation upon which the collector might have lawfully interrogated the witness or witnesses, had they appeared with the books of the corporation as called for.

It is unnecessary to add further to the clear discussion of the questions involved to be found in the opinion of Judge Hand.

In each case the judgment is affirmed.